DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Marlene Sue Rogers, appeals a decision from the Huron County Court of Common Pleas, Domestic Relations Division, reallocating her parental rights and responsibilities. For the reasons that follow, we affirm.
 {¶ 2} The parties were married in 1987, and had three children, Lindsay, born in 1990, William, born in 2000, and Courtney, born in 2001. The parties divorced in 2001, *Page 2 
and entered into a shared parenting agreement. Appellee, William Rogers, was given custody of Lindsay, appellant was given custody of Courtney and both parties shared custody of William. On August 29, 2006, appellant filed a motion to reallocate her parental rights and responsibilities with regard to two of the children. Specifically, she sought custody of Lindsay and William. On March 8, 2007, appellee filed a motion to show cause as to why appellant should not be held in contempt for failing to comply with the court's 2001 order designating both parties residential parents and legal custodians of William on alternate weeks and granted appellee parenting time with Courtney.
 {¶ 3} On July 25, 2007, following a hearing, the court ruled on the motions, granting appellee custody of all three children and designating him the residential parent. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial [sic] lacked jurisdiction to change residential custody on the minor child Courtney because the child was not at issue in the motion to terminate the shared parenting plan.
 {¶ 5} "II. The denial of appellant's motion to modify parental rights and responsibilities and the trial court's order to award residential custody of the minor children William and Lindsay Rogers to the appellee was against the manifest weight of the evidence.
 {¶ 6} "III. The change in custody of the minor child Courtney Rogers was against the manifest weight of the evidence." *Page 3 
 {¶ 7} In her first assignment of error, appellant contends that the court lacked jurisdiction to change Courtney's custody status since appellant did not specifically ask for Courtney's status to change. We disagree. It is well-settled that the domestic relations court retains continuing jurisdiction, pursuant to and in accordance with R.C3109.04(B) and Civ.R. 75(J) to modify its prior order allocating parental rights and responsibilities. In this case, the court's prior order addressed Courtney's custody status. Therefore, the court retained jurisdiction to address it again. Appellant's first assignment of error is found not well-taken.
 {¶ 8} In her second and third assignments of error, appellant contends that the change in custody was against the manifest weight of the evidence. The standard of review in custody cases is whether the trial court abused its discretion. Davis v. Flickinger, 77 Ohio St.3d 415, 416-417, 1997-Ohio-260. Abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence, determine the credibility of the witnesses, and make decisions concerning custody. Terry L. v. Eva E., Madison App. No. CA2006-05-019,2007-Ohio-916, ¶ 9. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280. *Page 4 
 {¶ 9} R.C. 3109.04(E)(1)(a) allows modification of a custody order when "a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and * * * modification is necessary to serve the best interest of the child." Nevertheless, where the issue is the termination of an existing shared parenting decree, R.C. 3109.04(E)(2)(c) provides that the court may do so if shared parenting is not in the best interest of the child. In such an instance, the moving party does not need to demonstrate a change of circumstances. Deimling v. Messer (Mar. 16, 1998), 12th Dist. No. CA97-07-070 (citations omitted).
 {¶ 10} Recently, the Supreme Court of Ohio in Fisher v.Hasenjager (2007), 116 Ohio St.3d 53, 2007-Ohio-5589, held that a mere change in the designation of the residential parent and legal custodian did not constitute a termination of the shared parenting plan, but rather only a modification of the plan. Thus, pursuant to R.C.3109.04(E)(1)(a), the trial court must make a determination as to whether a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to the shared parenting decree. The court must then determine whether the modification is necessary to serve the best interests of the child.
 {¶ 11} The Second District Court of Appeals in Beismann v.Beismann, 2d Dist. No. 22323, 2008-Ohio-984, distinguishedFisher, supra. The parties in Beismann filed motions with the trial court requesting that their shared parenting order be terminated, not modified. The original shared parenting order contained language that made both parties residential parents and legal custodians of their child while the father was given primary *Page 5 
custody for school attendance purposes. Under the shared parenting plan, the mother was required to pay child support in the amount of approximately $68 per month to the father. Pursuant to the termination order that the trial court issued, the mother was made the sole residential parent and legal custodian of the child, while the father received very liberal visitation with the child. Therefore, any decisions regarding the care, welfare, and education of the child were left primarily up to the mother. Further, the trial court ordered the father to pay approximately $660 per month in child support to the mother, a significant jump from $68 per month.
 {¶ 12} "Simply put, the plan was terminated. In light of the foregoing material changes in [the child's] custodial status, we are unpersuaded by [the father's] argument that the trial court merely modified the shared parenting plan. Thus, the trial court acted properly when it exercised its discretion and terminated the shared parenting plan based on the best interests of [the child] pursuant to R.C. § 3109.04(E)(2)(c)." Beismann, ¶ 13.
 {¶ 13} The record in this case shows that the parties, as inBeismann, sought termination rather than modification of their shared parenting plan. As in Beismann, one parent was made sole residential parent and legal custodian of the children giving that parent, appellee, the right to make any decisions regarding the care, welfare, and education of the children. Moreover, appellant was ordered to pay $339 in child support as opposed to paying no child support under the shared parenting plan. Following Beismann, we conclude that the trial court in this case was not required to find a change *Page 6 
in circumstances in addition to a finding that termination of the parenting plan was in the best interests of the children.
 {¶ 14} R.C. 3109.04(F)(1) sets forth factors governing the determination of the best interest of a child. These include, but are not limited to:
 {¶ 15} "(a) The wishes of the child's parents regarding his care;
 {¶ 16} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 17} "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 18} "(d) The child's adjustment to his home, school, and community;
 {¶ 19} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 20} (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 {¶ 21} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 22} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *; *Page 7 
 {¶ 23} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 {¶ 24} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 25} Appellant contends that it was in the best interest of the children to keep them in the same household. As for Lindsay, appellant notes that she was doing poorly in school and that she had taken a drug overdose while in appellee's custody. As for William, appellant argues that he too did poorly in school while in appellee's custody. As for Courtney, appellant argues that there was no reason to remove her from appellant's home as appellant could provide for her financially and Courtney did not exhibit any behavioral problems like her siblings.
 {¶ 26} A hearing was held on June 21, 2007. Appellant testified that she filed a motion to reallocate her parental rights after Lindsay was hospitalized for a drug overdose while in appellee's custody. Appellant explained that she has no relationship with Lindsay and that Lindsay considers her dead although appellant has tried to have a relationship with her daughter. She expressed concern for William who suffers from a chronic sinus infection that appellant attributes to appellee's smoking. She also expressed concern that William was headed for trouble because he ignores authority. She testified that her relationship with her ex-husband is strained and they are unable to communicate. *Page 8 
She acknowledged that she and her ex-husband have different parenting styles in that she favors corporal punishment.
 {¶ 27} Appellee testified that one day when Lindsay was visiting appellant, Lindsay called appellee at work and asked him to retrieve her. When he arrived, he found appellant and Lindsay arguing in the driveway. Appellee testified that as Lindsay was trying to get in appellee's car, appellant grabbed her and shook her, causing Lindsay to hit her head on the car door. Appellant acknowledged the fight she had with Lindsay but denied grabbing her or injuring her in any way. As a result of the incident, the Huron County Children's Services investigated but ultimately concluded that appellant had not abused Lindsay. Appellee testified that after the incident, appellant denied him visitation with the younger children for a couple of months.
 {¶ 28} The court found that it was in the children's best interest to designate appellee residential parent and legal custodian of all three children. Appellant was granted liberal parenting time. The court noted that both parents desired the termination of their shared parenting plan. The court further stated:
 {¶ 29} "Animosity between the parties appears to the court to be escalating, as each of them has become involved in a successor relationship. * * * The court considers that it is in the best interests for all three children of the parties to reside primarily in the same household. They are bonded and have a positive relationship with each other. Splitting the children up might well jeopardize those bonds." *Page 9 
 {¶ 30} Based on the foregoing, we find that the trial court considered the children's best interests and did not abuse its discretion in designating appellee residential parent and legal custodian of all three children. Appellant's second and third assignments of error are not well-taken.
 {¶ 31} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1