Waite, Presiding Judge.
{¶ 1} Appellant, Charles E. Rougher Jr., appeals the decision of the Mahoning County Court of Common Pleas, overruling his motion to terminate shared parenting. Appellant and appellee Tara C. Rougher agreed to shared parenting of their seven-year-old child as part of their divorce decree. Appellant contends that the trial court used the wrong standard in reviewing the motion to terminate *704 shared parenting. Appellant argues that a motion to completely terminate shared parenting is reviewed under a standard different from a motion to modify shared parenting. Although the Ohio Supreme Court in Fisher v. Hasenjager, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, required courts to first find a change in circumstances when modifying shared parenting, appellant argues that no change in circumstances is required when a party requests a complete termination of the shared-parenting decree. Appellee has not filed a brief in this appeal. Appellant is correct that under R.C. 3109.04(E)(2)(c), a court may terminate a shared-parenting decree without the need to first find that a change in circumstances has occurred. While the trial court relied on our holding in Surgenavic v. Surgenavic, 7th Dist. No. 08 MA 29, 2009-Ohio-1028, 2009 WL 582575, the trial court has misinterpreted that holding. We specifically stated in Surgenavic that “R.C. 3109.04(E)(2)(c) is not applicable * * * ” in that case. Thus, we had no need to discuss or interpret R.C. 3109.04(E)(2)(c) at that time. Id. at ¶ 9. In the instant appeal, however, appellant directly relies on an interpretation and application of R.C. 3109.04(E)(2)(c), and there has been no rebuttal from appellee. We agree with appellant that his motion to terminate shared parenting should not have been overruled based on the failure to argue or find a change in circumstances. Instead, the trial court should have looked solely at the best interests of the child in determining whether to grant or deny the motion. The judgment of the trial court is hereby vacated, and the matter is remanded for review based on that standard.

History of the Case

{¶ 2} The parties were married on July 19, 2002. One child was born during the marriage. The parties did have another child together prior to their marriage, but custody of this child falls under the jurisdiction of the Mahoning County Court of Common Pleas, Juvenile Division, and is not at issue in this appeal. Appellee Tara Rougher filed for divorce on September 2, 2008, and the case was assigned to a magistrate. Appellant filed a pro se answer to the complaint and requested to be designated as the residential parent of the child. The court designated him as the child’s residential parent during the divorce proceedings because he had been the primary caregiver. On March 9, 2009, appellant obtained counsel to represent him in the divorce proceedings. The parties negotiated a separation agreement, and the agreement was incorporated into the subsequent decree of divorce. The parties incorporated a shared-parenting order into their separation agreement, and this also became part of the divorce decree. Although appellant agreed to shared parenting prior to the magistrate’s final decision, he had misgivings shortly after the magistrate filed his decision granting the divorce. Appellant filed objections to the magistrate’s *705 decision. The objections were subsequently overruled on July 1, 2009, and the shared-parenting order was made a part of the divorce decree.
{¶ 3} On August 8, 2009, appellant filed a motion to terminate shared parenting. In the motion, appellant sought complete termination of shared parenting; he did not seek modification of the shared-parenting order. The magistrate had a hearing during which the sole issue was whether there had been a change in circumstances since the issuance of the divorce decree approximately one month earlier. The magistrate found that there had been no change in circumstances and overruled the motion on December 9, 2009. Appellant filed objections to the magistrate’s decision, and these were overruled on March 1, 2010. Appellant filed this timely appeal on March 31, 2010. Appellee has not filed a brief in this appeal. Under App.R. 18(C), we “may accept the appellant’s statement of the facts and issues as correct and reverse the judgment if appellant’s brief reasonably appears to sustain such action.”

Assignment of Error

{¶ 4} “The trial court erred by applying the decision in Fisher v. Hasenjager [116 Ohio St.3d 53], 2007-Ohio-5589 [876 N.E.2d 546] to a motion to terminate an original shared parenting order pursuant to R.C. 3109.04(E)(2)(c), thus requiring a change of circumstances in contradiction to the clear language of the statute.”
{¶ 5} Appellant argues that the trial court erroneously applied the holding found in Fisher v. Hasenjager, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, which requires the court to find a change in circumstances before modifying parental rights in a shared-parenting decree. Appellant contends that Fisher is limited to situations in which a party is attempting to modify, rather than terminate, a shared-parenting decree. Appellant is correct that Fisher dealt with a problem arising from a request to modify parental rights under a shared-parenting decree rather than a motion to completely terminate such a decree. Fisher specifically dealt with a dispute between the application of R.C. 3109.04(E)(1)(a) and R.C. 3109.04(E)(2)(b). R.C. 3109.04(E)(1)(a) requires that before modifying a shared-parenting decree, a trial court must first find that a change in circumstances has occurred, while R.C. 3109.04(E)(2)(b) deals with the modification of a shared-parenting plan. This modification requires a finding that it is being done in the best interests of the child. Id. at ¶ 10. Importantly, both provisions deal with modifications to shared parenting, rather than complete termination of shared parenting.
{¶ 6} Fisher emphasized that it was dealing with situations in which a party wants to maintain some aspects of shared parenting, but also asks the court to modify in some way the allocation of parental rights, such as the designation of *706 who is the residential parent. Fisher was interpreting R.C. 3109.04(E)(1)(a), which states:
{¶ 7} “(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child’s residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
{¶ 8} “(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
{¶ 9} “(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
{¶ 10} “(in) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.”
{¶ 11} Although the language of R.C. 3109.04(E)(1)(a) appears, at first glance, to cover all situations dealing with any change to a shared parenting decree, the next section of the statute clearly provides an alternative review when a party desires to completely terminate shared parenting. R.C. 3109.04(E)(2)(c) states:
{¶ 12} “(2) In addition to a modification authorized under division (E)(1) of this section:
{¶ 13} “ * * *
{¶ 14} “(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(l)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(l)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared *707 parenting decree if it determines that shared parenting is not in the best interest of the children.” (Emphasis added.)
{¶ 15} The wording of the statute leads to the inescapable conclusion that R.C. 3109.04(E)(2) and its subsections provide different procedures from those set forth in R.C. 3109.04(E)(1) and its subsections. Fisher specifically did not decide whether the change of circumstances required under an R.C. 3109.04(E)(1)(a) modification review had any bearing on a review pursuant to R.C. 3109.04(E)(2)(c). Fisher noted that the case had come to the court with certain assumptions already established from the appellate court’s decision: “Despite the trial court’s language ‘terminating’ the parties’ shared-parenting plan, the court of appeals reviewed the parties’ motions and the trial court’s entry and determined that the trial court had not terminated the parties’ shared-parenting plan but instead had modified the plan. As a result, the court of appeals determined that R.C. 3109.04(E)(2)(c) did not apply. Further, because the parties did not jointly move to modify their shared-parenting decree, R.C. 3109.04(E)(2)(a) also was not applicable.” Fisher, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, at ¶ 6.
{¶ 16} “In conclusion, we hold that a modification of the designation of residential parent and legal custodian of a child requires a determination that a ‘change in circumstances’ has occurred, as well as a finding that the modification is in the best interest of the child, pursuant to R.C. 3109.04(E)(1)(a).” Id. at ¶ 37.
{¶ 17} Obviously the court in Fisher was aware that different sections of R.C. 3109.04(E) apply different standards, depending on the relief that^is actually being sought by the parties. “Finally, we note that R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) contain significantly different standards for modifications. * * * To read both sections, with different standards, to apply to a court’s analysis modifying the decree modifying a child’s residential parent and'legal custodian would create inconsistency in the statute. Two different standards cannot be applied to the same situation.” Id. at ¶ 32. The court’s analysis applies equally to the standard found in R.C. 3109.04(E)(2)(c), which is different from the one set forth in R.C. 3109.04(E)(1)(a). Each section of the statute must be interpreted on its own terms as well as in relationship to other parts of the statute. If the statute itself unequivocally states that a best-interests test, alone, applies in determining a motion to completely terminate shared parenting, then there is no basis to first apply the test to determine whether a change in circumstances exists.
{¶ 18} Although this court, in Surgenavic, 2009-Ohio-1028, 2009 WL 582575, did apply Fisher to a case involving termination of a shared-parenting plan, it has not yet applied Fisher to a case involving a motion that seeks complete termination of shared parenting, which includes the termination of the shared- *708 parenting decree as well as the shared-parenting plan. As noted in Fisher, there are major differences between the shared-parenting plan (which implements the specific day-to-day details of shared parenting) and the decree itself (the order granting shared-parenting rights or designating parental rights and responsibilities). When the shared-parenting decree is terminated, the court must start from scratch and create a completely new parenting order, acting as if there had never been any earlier allocation of parenting rights. R.C. 3109.04(E)(2)(d). The appellate courts that have dealt with this specific question have concluded that R.C. 3109.04(E)(2)(c), clearly labeled in the statute as a different procedure from that detailed in R.C. 3109.04(E)(1)(a), requires only that the termination of a shared-parenting decree be in the best interests of the child and that Fisher does not apply to R.C. 3109.04(E)(2)(c): Beismann v. Beismann, 2d Dist. No. 22323, 2008-Ohio-984, 2008 WL 615502, ¶ 11-13; Francis v. McDermott, 2d Dist. No. 1753, 2009-Ohio-4323, 2009 WL 2612609, ¶ 9-10; In re J.L.R., 4th Dist. No. 08 CA 17, 2009-Ohio-5812, 2009 WL 3634403, ¶ 28; Clyburn v. Gregg, 4th Dist. No. 09CA3115, 2010-Ohio-4508, 2010 WL 3722260, ¶ 10, fn. 1; Rogers v. Rogers, 6th Dist. No. H-07-024, 2008-Ohio-1790, 2008 WL 1700440, ¶ 11-13; Poshe v. Chisler, 11th Dist. No. 2010-L-017, 2011-Ohio-1165, 2011 WL 901001, ¶ 21. Each of these cases determined that it would be erroneous to apply a change-of-circumstances test when dealing with a motion to completely terminate shared parenting pursuant to R.C. 3109.04(E)(2)(c).
{¶ 19} The trial court cited a number of appellate opinions supposedly taking the opposite view. The first of these, In re Illig, 3d Dist. No. 12-08-26, 2009-Ohio-916, 2009 WL 500600, does not interpret R.C. 3109.04(E)(2)(c) or apply it, and the fact that the court was required to find a change in circumstances was not being challenged on appeal. The second case, Sims v. Durant, 5th Dist. No. 2008-CA-27, 2008-Ohio-6442, 2008 WL 5159899, appears to be a summary opinion reviewing the weight of the evidence in support of the finding that a change in circumstances occurred. The parties did not appear to raise whether the change in circumstances test was appropriate, but only whether the evidence of record supported the magistrate’s findings. Once again, R.C. 3109.04(E)(2)(c) is not interpreted or even mentioned.
{¶ 20} The third and fourth cases cited by the trial court deal specifically with termination of a shared-parenting plan rather than a motion for complete termination of the shared-parenting decree and plan pursuant to R.C. 3109.04(E)(2)(c). Thus, these cases do fall squarely under the Fisher holding. Because it was inapplicable, R.C. 3109.04(E)(2)(c) is not mentioned or discussed in either case. Posey v. Posey, 4th Dist. No. 07CA2968, 2008-Ohio-536, 2008 WL 352462; Caldwell v. Caldwell, 12th Dist. Nos. CA2008-02-0019 and CA2008-03021, 2009-Ohio-2201, 2009 WL 1278432.
*709 {¶21} We are not aware of any caselaw in which, when the court was confronted directly with the interpretation and application of R.C. 3109.04(E)(2)(c), a different conclusion was reached and the court specifically held that the change-in-circumstances test was a threshold requirement to decide a motion seeking complete termination of shared parenting.
{¶ 22} Although there is, in the most technical sense, no document in this record specifically captioned as a “shared parenting decree,” the order that appellant is attempting to terminate in its entirety is, in all respects, a shared-parenting decree incorporating a shared-parenting plan. Appellant requested a complete termination of all aspects of shared parenting, and the trial court should have applied R.C. 3109.04(E)(2)(c) and utilized only the “best interests” test. As clearly stated in R.C. 3109.04(E)(2)(c), “[t]he court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)® of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children.” This statutory subsection was not reviewed in the majority opinion of the Ohio Supreme Court’s Fisher case, and we must allow the plain words of the statute to speak for themselves.
{¶ 23} The dissent in this appeal provides a lengthy argument that, in essence, R.C. 3109.04(E)(2)(c) does not mean what it says and should be ignored, and that the Ohio Supreme Court’s Fisher opinion requires that the change-of-cireumstances test be applied when terminating a shared-parenting decree pursuant to R.C. 3109.04(E)(2)(c). Unfortunately, the dissent’s argument appears to be based on three rather important erroneous assumptions. Initially, the dissent assumes that Fisher encompassed a ruling requiring the change-of-eircumstances test to be applied to R.C. 3109.04(E)(2)(c), when in fact, Fisher did not. Fisher did not even discuss R.C. 3109.04(E)(2)(c). Hence, the dissent’s interpretation of Fisher as support for that specific statutory section is puzzling. Second, the dissent assumes that Surgenavic, 2009-Ohio-1028, 2009 WL 582575, involved interpretation of, or a ruling on, R.C. 3109.04(E)(2)(c) and thus provides precedent for applying the change-of-circumstances test in this appeal. As stated above, in Surgenavic, we clearly stated that R.C. 3109.04(E)(2)(c) was not applicable, and thus, that statutory section was not reviewed. Id. at ¶ 9. Third, the dissent assumes that the General Assembly did not intend to enact the language as it clearly appears in R.C. 3109.04(E)(2), namely, that section (E)(2) “is in addition to a modification authorized under division (E)(1) of this section.” We cannot share in this assumption, either.
{¶ 24} We also note that the dissent creates and addresses an argument that was never raised in this matter, since appellee did not file a brief and, thus, presented no argument at all. When the appellee fails to file a brief, App.R. *710 18(C) directs us to accept the appellant’s statement of the facts and issues as correct and to reverse the judgment if it appears reasonably warranted. We are not, however, directed to make appellee’s arguments for her. Appellant’s arguments are sound and reasonable, and a number of cases from other appellate districts also find the argument made by appellant to be reasonable. Although there may be equally reasonable arguments supporting an outcome different from the one we have reached, those have not been made in this appeal. Appellant’s assignment of error is sustained.

Conclusion

{¶ 25} Appellant sought to terminate shared parenting by invoking R.C. 3109.04(E)(2)(c), which allows a party to file a motion to terminate a shared-parenting decree (and the accompanying shared-parenting plan) in the best interests of the child. Appellant has alleged that the trial court erred by requiring him to show that a change in circumstances occurred before terminating shared parenting. Appellant is correct that the Ohio Supreme Court’s holding in Fisher, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, does not require a finding of a change in circumstances when a party attempts to completely terminate a shared-parenting decree under R.C. 3109.04(E)(2)(c). As appellee makes no argument, and pursuant to App.R. 18(C), we sustain appellant’s assignment of error. We hereby vacate the judgment of the trial court and remand this case so that the trial court may determine whether the termination of shared parenting is in the best interests of the child.
Judgment vacated and cause remanded.
Vukovich, J., concurs.
DeGenaro, J., dissents.