OPINION *Page 2 
{¶ 1} Defendant-appellant Angela Schwaderer nka Hodge ("Hodge") brings this appeal from the judgment of the Court of Common Pleas of Union County, Juvenile Division, denying her motion to modify parenting rights to one of shared parenting. For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On September 2, 1997, Brock was born to Hodge and plaintiff-appellee Mark Wooten ("Wooten"). The parties did not marry. On September 13, 2005, the trial court granted residential parent status to Wooten with Hodge having visitation rights. In January of 2007, Hodge began spending additional time with Brock. Hodge filed a motion for modification of parental rights on March 27, 2007, requesting shared parenting. She requested that the parents each rotate having Brock in their home on a quarterly basis. Wooten filed his response to the motion on April 5, 2007. A hearing and an in camera interview was held before the magistrate on June 22, 2007. On June 26, 2007, the magistrate filed her decision denying the motion due to a lack of change of circumstances. Hodge filed timely objections to the magistrate's decision. On January 24, 2008, the trial court overruled the objections and adopted the decision of the magistrate. The trial court however, did modify the decision concerning the parenting time due to the Spring Break visitation and awarded Hodge compensatory parenting time. Hodge appeals from this judgment and raises the following assignments of error. *Page 3 
 First Assignment of Error The trial court erred and abused its discretion by finding [Hodge] had failed to establish a change of circumstances warranting a modification of parental rights and by refusing to consider the best interests of the child.
 Second Assignment of Error The trial court erred and abused its discretion by finding [Wooten] was not in contempt of court.
 {¶ 3} In the first assignment of error, Hodge claims that the trial court erred by finding no change of circumstances and not considering the best interests of the child. The determination of whether a prior court order allocating parental rights and responsibilities should be modified is controlled by R.C. 3109.04(E).
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree, unless a modification is in the best interest of the child and one of the following applies:
 * * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 (b) One or both of the parents under a prior decree allocating parental rights and responsibilities for the care of children that *Page 4 is not a shared parenting decree may file a motion requesting that the prior decree be modified to give both parents shared rights and responsibilities for the care of the children. The motion shall include both a request for a shared parenting order that complies with division (G) of this section. Upon the filing of the motion, if the court determines that a modification of the prior decree is authorized under division (E)(1)(a) of this section, the court may modify the prior decree to grant a shared parenting order, provided that the court shall not modify the prior decree to grant a shared parenting order unless the court complies with divisions (A) and (D)(1) of this section and, in accordance with those divisions, approves the submitted shared parenting plan and determines that shared parenting would be in the best interest of the children.
R.C. 3109.04(E)(1). Thus, to modify this prior decree, the trial court must find 1) that a change of circumstance exists and 2) that the modification is in the best interest of the child.
 {¶ 4} A determination of whether a change of circumstances has occurred is a threshold inquiry that must occur before determining whether a modification would be in the best interest of the child.Fox v. Fox, 3d Dist. No. 5-03-42, 2004-Ohio-3344, ¶ 38. A change of circumstances is a change of substance, not merely a slight or inconsequential change. McLaughlin v. McLaughlin Breznenick, 3d Dist. No. 8-06-06, 2007-Ohio-1087, ¶ 16. "In order to have a change of circumstances, `the change does not have to be quantitatively large, but rather, must have a material effect on the child.'" Id. (citingTolbert v. McDonald, 3d Dist. No. 1-05-47, 2006-Ohio-2377, ¶ 31). A review of the trial court's findings is conducted under an abuse of discretion standard. Id. at ¶ 17. An abuse of *Page 5 
discretion implies an attitude by the trial court that is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 5} Here, Hodge claims that the changes of circumstances include the increased parenting time she is exercising, the relationship between Brock and his half brother Cody, Brock's desire to spend equal time with his mother, and Wooten's alleged interference with her visits and communication. The trial court specifically addressed each of these issues.
 [Wooten] has been permitting [Hodge] to spend additional time with the child.
 The evidence was clear that [Wooten] was permitting the child to spend additional time with [Hodge]. [Wooten] testified that he would continue to permit Brock to spend additional time with [Hodge], but that he was not doing so because he did not want to be with Brock himself. He agreed to the additional time because he felt when he was at work and could not be with Brock himself, it was better for Brock to be with his Mother rather than with anyone else. He also testified that he always encouraged a good relationship between Brock and his Mother.
 The attitude is a responsible and mature attitude on the part of the residential parent, and one that the law promotes. The law encourages the residential parent not to frustrate and make more difficult the non-residential parent's visitation. * * * In the case at bar, the residential parent has not been "frustrating" visitation by the non-residential parent, but has in fact been supporting and encouraging it.
 The minor child expressed a desire to spend more time with his mother. *Page 6 
 Again, the testimony confirmed that the child had expressed a desire to spend more time with his mother. Nevertheless, that is not necessarily a change in circumstances. Brock's statements to the Magistrate during the in camera interview were practically identical to the Shared Parenting Plan proposed by [Hodge]. It appeared that the child had been coached by [Hodge] prior to coming to court. * * *
 * * *
 The minor child has a half-brother with whom he regularly has contact at his mother's home, attends the same school, attends his games and engages in other activities with him.
 Cody is 14 years old and Brock is 9 years old. Brock's opportunity to have contact with Cody existed at the time of this Court's prior custody Order. Further, [Hodge] testified that she plans her visits with her son Cody so that they are on the same weekend as her visits with Brock, the child herein. [Hodge] also testified that she often takes Brock to Cody's games, with the permission of [Wooten]. The Court fails to see how this is a change in circumstances for Brock. * * *
Jan. 24, 2008, Entry, 3-5. Further, the trial court determined that one known instance where Wooten had eavesdropped on a telephone conversation and one instance where Wooten did not permit Brock to attend visitation due to illness were not changes of circumstance.
 [Hodge] further states that a change in circumstances exists because [Wooten] denied [Hodge] her parenting time with the child and states that [Wooten] denied her the opportunity to exercise her parenting time during Brock's 2007 Spring Break and also when [Wooten] *Page 7 scheduled the child for a counseling session during [Hodge's] parenting time.
 The Court finds that [Hodge] agreed to allow Brock to go to Florida with [Wooten] during Brock's 2007 Spring Break. [Hodge] testified that she did allow Brock to go with [Wooten] to Florida and did nothing to stop him, because when she learned that Brock understood that he was going to go to Florida, she did not want to upset him and break his heart. * * * Further, regarding the scheduling of the counseling session during [Hodge's] parenting time, there was not much testimony regarding [Wooten's] actions, except that [Hodge] would have wanted to have participated in the counseling also. * * * These incidents of [Hodge] not getting to exercise her visitation do not amount to a change of circumstances either standing alone or when taken together with the other seven items listed by [Hodge] in her Objections.
Id. at 7-8.
 [Hodge] also argues that a change in circumstances occurred when [Wooten] started the child in counseling without informing [Hodge] and intentionally initially misled [Hodge] into thinking that the child was going to see a medical doctor.
 The Court does not find that the action of [Wooten] when taken alone or with the other examples provided by [Hodge] as examples of a change in circumstances under ORC 3109.04(E)(1) are sufficient to prove that a change of circumstances has occurred since the prior decree of this Court. It does appear that [Wooten] was not immediately forthcoming about the counseling appointment which he made for the child, but prior to the appointment, [Wooten] did tell [Hodge] that the child was going to a counseling appointment and not a medical appointment. *Page 8 
Id. at 9. These findings are supported by the record. Thus, this court cannot find that the trial court abused its discretion in determining that no change of circumstance has occurred. Having found no change of circumstance, the trial court need not make a determination as to whether the change would be in the best interest of Brock. The first assignment of error is overruled.
 {¶ 6} Hodge's second assignment of error claims that the trial court erred by finding that Wooten was not in contempt of court. Hodge alleges that Wooten was in contempt of court by scheduling a vacation with Brock during her visitation time. "[T]he determination whether a party has violated a court order and should be cited for contempt is within the sound discretion of the trial court." Boone v. Brown, 3d Dist. No. 5-06-14, 2006-Ohio-5967. Any contempt in this case would be civil in nature since the order disobeyed was for the benefit of a party.State v. Sandlin (1983), 11 Ohio App.3d 84, 463 N.E.2d 85. A sanction for civil contempt must allow for purging. Id. In this case, the trial court recognized Hodge's loss and issued an order making her whole.
 Regarding [Hodge's] Motion for Contempt, [Hodge] testified that she did not do anything to stop the child from going with his father to Florida over Spring Break. [Wooten] testified that he believed that [Hodge] had agreed to the child accompanying him to Florida in spite of the fact that Spring Break was [Hodge's] visitation time. Based on the testimony of the parties, the Court does not find that there was sufficient evidence to prove that [Wooten] violated the Court's Orders and is in contempt of Court, because [Hodge] did not tell [Wooten] *Page 9 that the child could not go. Nevertheless, [Wooten] did appear to take advantage of [Hodge] by not offering to let [Hodge] make up her lost visitation time. As a result, [Hodge] shall have the right to exercise visitation with the child during the child's 2008 Spring Break. Thereafter, the parties shall exercise visitation with the child during Spring Break in accord with this Court's prior orders as stated in the Journal Entry filed on 0-13-2005, which means that [Hodge] shall also have the child during the child's 2009 Spring Break (odd numbered years) and [Wooten] shall have the child during the 2010 Spring Break (even numbered years).
Jan. 24, 2008 Entry, 11-12. By granting the extra visitation time, the trial court has made Hodge whole. Therefore, Hodge has suffered no prejudice from the court order. The trial court did not abuse its discretion in overruling the motion for contempt and the second assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Union County, Juvenile Division is affirmed.
Judgment Affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1