[Cite as *In re J.L.F.*, 2012-Ohio-1748.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97405

---

# IN RE: J.L.F.

# Minor Child

# [APPEAL BY MOTHER, C.H.]

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 03702402

**BEFORE:** Stewart, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 19, 2012

**ATTORNEY FOR APPELLANT MOTHER**

A. Clifford Thornton, Jr.
Peckinpaugh & Thornton, LLC
Three Commerce Park Square
23230 Chagrin Boulevard, No. 605
Cleveland, OH    44122


**FOR APPELLEE FATHER**

Paul Figas, Pro Se
8803 Ansonia Avenue
Cleveland, OH    44144


**ATTORNEY FOR CHILD**

Melinda J. Annandale
20033 Detroit Road
Annex F1-1
Rocky River, OH    44116


**GUARDIAN AD LITEM**

Carla L. Golubovic
P.O. Box 29127
Parma, OH    44129

ELODY J. STEWART, J.:

{¶1} Appellant-mother, C.H., appeals from a juvenile division order that modified a shared parenting plan for 13-year-old child J.F. by naming appellee-father P.F. as the residential parent. Mother argues that the court abused its discretion by approving and adopting factual findings by a magistrate because those findings were against the weight of the evidence and contrary to a recommendation by the child's guardian ad litem.

{¶2} Our review of this appeal is severely hampered by the poor state of the record. The first document in the record, according to the pagination assigned by the clerk of the juvenile division, is the court's order approving and adopting the magistrate's decision. The record does not include the original order establishing the rights and responsibilities of the parents, the father's substantive motion on child custody, or the magistrate's decision. It is the mother's duty, as the appellant, "to ensure the completeness of the record on appeal." *Freedom Mtge. Corp. v. Petty*, 8th Dist. No. 95834, 2011-Ohio-3067, ¶ 67, citing *Shannon v. Shannon*, 122 Ohio App.3d 346, 350, 701 N.E.2d 771 (9th Dist. 1997). What is more, App.R. 16(A)(7) requires the appellant's brief to provide an argument with citations to "parts of the record on which appellant relies." Without the necessary documents in the record, the mother cannot readily satisfy her App.R. 16(A)(7) obligation.

{¶3} Viewing the facts on the limited record presented on appeal, it appears that the parties' rights were governed by the terms of a shared parenting agreement. The

magistrate's decision, a copy of which was appended to the mother's objections to that decision, stated that the magistrate had two motions before her: the father's "motion to modify parental rights and responsibilities" and the mother's "motion to modify shared parenting." The magistrate did not, however, modify the terms and conditions of the shared parenting; instead, she stated that she was "terminating the Shared Parenting Agreement currently in place." The court adopted the magistrate's decision, using identical language to that of the magistrate in stating it was "terminating" the shared parenting agreement.

{¶4} We take this language to indicate that the court considered the father's motion as one presented under R.C. 3109.04(E)(2)(c), which allows a court to terminate a final shared-parenting decree merely upon the request of one or both of the parents or whenever the court "determines that shared parenting is not in the best interest of the children." A ruling under this section does not require the court to make any finding that there has been a change in circumstances. *Beismann v. Beismann*, 2d Dist. No. 22323, 2008-Ohio-984, ¶ 8. Instead, we determine only whether the court abused its discretion by finding that a termination of the shared parenting plan was in the best interests of the child using the factors set forth in R.C. 3109.04(F)(2). *Clyburn v. Gregg*, 4th Dist. No. 11CA3211, 2011-Ohio-5239, ¶ 24.

{¶5} Even though this case was heard in the juvenile division, proceedings to determine parent-child relationships are not conducted pursuant to the Rules of Juvenile Procedure, see Juv.R. 1(C)(4), which might otherwise allow a hearing to be conducted in

an informal manner. Juv.R. 27(A). Instead, "where the custody of the child is disputed, evidence must be taken and if testimony is taken it must be sworn." *White v. Thomas*, 8th Dist. No. 72514, 1997 WL 767448 (Dec. 11, 1997), citing *In re Fleming*, 8th Dist. No. 63911, 1993 WL 277186 (July 22, 1993).

{¶6} To determine the child's best interests, the court must consider the facts presented at trial. The magistrate's decision, as adopted by the court, stated that the magistrate "completed the trial and heard final testimony." Yet from the trial transcripts presented to us, no "trial" occurred in any sense of that word. The magistrate heard no sworn testimony from any witness nor did it accept any evidence. To the extent the attorneys were allowed to speak, their participation was limited to minor interjections to clarify points made by the parents. Counsel were not even permitted to summarize the evidence or argue their clients' positions. The magistrate even ignored objections.

{¶7} What did transpire at the "hearing" was a lengthy counseling session with the parties that devolved into the magistrate telling the parties how they should be raising a defiant, underachieving 13-year-old girl with poor grades and too much self-esteem. This kind of personal involvement might have been appropriate at pretrials in an effort to find an amicable means of settling the parties' differences, but it had no place as part of a scheduled trial on substantive motions. The magistrate's methods deprived the parties of their right to have a decision based on evidence and sworn testimony. The only way to correct this error is to sustain the mother's assignment of error and remand for a full trial on the merits.

**{¶8}** A final point. The record transmitted to this court by the juvenile division is unacceptable. It is inconceivable that the pagination provided by the clerk of the juvenile division lists as the first document in the record on appeal the court's judgment entry approving and adopting the magistrate's decision, without any reference to the substantive motion that is the subject of controversy. Issues concerning the division of parental rights and responsibilities are fraught with emotion for the parties. A court system that complicates matters by failing to preserve a true and accurate record of the proceedings undermines public confidence in the outcome of those proceedings.

**{¶9}** This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas — Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR