[Cite as *Drees v. Drees*, 2013-Ohio-5197.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY


LINDA L. DREES,

    **PLAINTIFF-APPELLANT,**           CASE NO.  10-13-04

    **v.**

JEFF DREES,                    **O P I N I O N**

    **DEFENDANT-APPELLEE.**


Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 09-DIV-020

**Judgment Affirmed**

Date of Decision:   November 25, 2013


**APPEARANCES:**

    *William E. Huber* **for Appellant**

    *Thomas E. Luth*  **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Linda L. Drees ("Linda" or "Appellant") brings this appeal from the denial of her motion to terminate a shared parenting plan by the Court of Common Pleas of Mercer County, Ohio, Domestic Relations Division. For the reasons discussed below, the judgment is affirmed.

{¶2} The parties to this proceeding, Linda and Defendant-appellee Jeff Drees ("Jeff"), were divorced on January 20, 2010. On the same date, the court approved a shared parenting decree allocating parental rights and responsibilities over the parties' two minor children according to a shared parenting plan entered into by the parties on January 13, 2010. The parties' oldest child was emancipated in February of 2011, terminating the plan's obligations as to him.

{¶3} On March 12, 2012, Linda filed a motion to terminate the shared parenting plan on the basis that a change of circumstances occurred and such termination is in the best interest of the remaining minor child, Jeanna. In support of her motion, Linda contended that Jeff had not followed the shared parenting plan and she had effectively taken "the full responsibility of raising the minor children [sic]." (R. 41, Mot. Terminate Shared Parenting Plan, Mar. 12, 2012.) Linda requested that "appropriate support and health insurance orders be adopted." (*Id.*)

{¶4} A magistrate of the trial court conducted a hearing on July 23, 2012, during which Linda submitted evidence to support her allegations that Jeff's alcohol consumption and his failure to follow the shared parenting plan amounted to a change of circumstances requiring termination of the shared parenting plan. Subsequent to the hearing, the magistrate issued a written decision, in which she commented, "it appears that alcohol may have been an issue at the time of the final divorce herein," and "[i]n any event, there has been no evidence presented as to the change in circumstances herein on that particular issue." (*Id.* at 4, ¶ 25.) The magistrate followed with an analysis of the factors required under R.C. 3109.4(F)(1) and (2), to determine the best interest of the child and whether shared parenting was in the child's best interest.

{¶5} Analyzing the factors of R.C. 3109.04(F)(1), the magistrate found that although Linda was not fully consistent regarding her wishes as to Jeanna's care and her understanding of the shared parenting plan as ordered, she did not object to the alternating parenting schedule. Likewise, Jeff desired to keep the current shared parenting plan; he called his daughter often and was concerned about his inability to convince Jeanna to come over for her parenting time with him. The magistrate further found that Jeanna had a good relationship with each of her parents, that Jeff had more of a parenting role as compared to Linda, and that he would be more likely to honor and facilitate the court-approved parenting time

rights. Although Linda had not continuously and willfully denied Jeff's right to parenting time, she had failed to encourage her daughter to visit her father, allowing Jeanna to make too many independent decisions, which was inappropriate for the minor child. Neither of the parents or any member of their household had been convicted of or pleaded guilty to a criminal offense, and neither of them was planning to establish a residence outside of the state.

{¶6} Examining whether shared parenting was in the best interest of Jeanna under factors prescribed in R.C. 3109.04(F)(2), the magistrate found that although the parents did not cooperate or make decisions jointly, they did have the ability to do so. They further had the ability to encourage the sharing of love, affection, and contact between the child and the other parent. The parents lived close to each other, in the same school district, and there was no evidence as to any potential for abuse by either of them. Addressing Linda's concerns regarding Jeff's alcohol consumption habits, the magistrate found that there was no indication of Jeff acting inappropriately as a result, and no indication that his drinking had negative consequences on the care of the minor daughter.

{¶7} The magistrate denied Linda's motion to terminate shared parenting because "Plaintiff has not demonstrated a substantial change in circumstances in the matter herein." (R. 58, Magistrate's Decision at 9.) Having decided that

termination was not proper due to a lack of change in circumstances, the magistrate did not provide her conclusion as to the best interest analysis.

{¶8} Linda filed timely objections to the magistrate's decision. She argued that the magistrate did not sufficiently consider Jeff's drinking habits in determining the best interest of the child. Linda specifically objected to the magistrate's finding that Jeff's alcohol consumption was a circumstance that was in existence at the time the shared parenting plan was executed. She further objected to the magistrate's finding that there was no change of circumstances and that Linda, rather than Jeff, was responsible for the noncompliance with the shared parenting plan.

{¶9} The trial court reviewed the magistrate's findings, the transcript of the proceedings, as well as the exhibits admitted into evidence and, after making an independent review of the record, concluded that the magistrate's analysis of the factors of R.C. 3109.04(F)(1) and (2) was appropriate and should not be modified. The trial court further held that the evidence presented at the hearing regarding Jeff's drinking habits did not affect those findings. The trial court thus overruled the objections to the magistrate's decision, holding that although the magistrate was incorrect in concluding that Jeff's alcohol consumption was evidenced at the time of the parties' divorce, the denial of Linda's motion was proper. The trial court specifically found that "Linda has failed to demonstrate a substantial change

of circumstances" and "there is no evidence that the shared parenting plan is not in the best interest of the remaining minor child of the parties, Jeanna, and to the extent that same can be implemented with the flexibility of the needs of the child, the same remains in the best interests of Jeanna." (R. 66, J. Entry at 3, Feb. 5, 2013.) Linda appeals from the trial court's judgment and raises the following assignments of error.

## First Assignment of Error

**The trial court erred in concluding that there was no evidence to support that the drinking habits of the Defendant-Appellee were of such a nature that the same should be considered in whether the trial court should terminate the shared parenting plan.**

## Second Assignment of Error

**The trial court erred when it found that there was no substantial change in circumstance and therefore failed to terminate the shared parenting plan.**

{¶10} The magistrate and the trial court in this matter applied a two-step procedure that is required for a modification of a prior court-approved parenting decree by R.C. 3109.04(E)(1)(a). Under this standard, the court must first find that "a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree." *Wooten v. Schwaderer*, 3d Dist. Union No. 14-08-13, 2008-Ohio-3221, ¶ 3, quoting R.C. 3109.04(E)(1)(a). Second, the court must determine that "the modification is necessary to serve the best interest of the child." *Id.* Under R.C.

3109.04(E)(1)(a), the finding of a change of circumstances is a necessary prerequisite to the further inquiry of whether the modification would be in the best interest of the child. *Fox v. Fox*, 3d Dist. Hancock No. 5-03-42, 2004-Ohio-3344, ¶ 38. R.C. 3109.04(E)(1)(a) further prescribes that "the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child * * *." *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 21.

{¶11} We note, however, that Linda requested a termination rather than a modification of the parenting decree. Under the language of R.C. 3109.04(E)(2)(c), the two-step procedure outlined above is not required for a termination of a prior final shared parenting decree that includes a jointly filed shared parenting plan. *See Brammer v. Brammer*, 3d Dist. Marion No. 9-12-57, 2013-Ohio-2843, ¶ 34; *Logan v. Holcomb*, 3d Dist. Marion No. 9-12-61, 2013-Ohio-2047, ¶ 31; *Green v. Richards*, 6th Dist. Wood No. WD-12-039, 2013-Ohio-406, ¶ 26, fn.1 ("the trial court is not required to determine the existence of a change of circumstances prior to the *termination* of a shared parenting plan." (Emphasis sic.)); *In re K.R.*, 11th Dist. Trumbull No. 2010-T-0050, 2011-Ohio-1454, ¶¶ 42-46 (affirming that "due to R.C. 3109.04(E)(2)(c), a trial court is not required to find a change in circumstances before terminating a shared parenting

plan," and compiling cases from other appellate districts holding the same). In particular, R.C. 3109.04(E)(2) states:

> (2) In addition to a modification authorized under division (E)(1) of this section:
>
> * * *
>
> (c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i)[1] of this section upon the request of one or both of the parents[2] or whenever it determines that shared parenting is not in the best interest of the children.

{¶12} The statute further requires that upon termination,

> the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.

R.C. 3109.04(E)(2)(d). This language does not require a finding of a "change in circumstances" prior to issuing a new decree for the allocation of parental rights.

*Curtis v. Curtis*, 2d Dist. Montgomery No. 25211, 2012-Ohio-4855, ¶ 7, quoting

---

[1] This division addresses a situation where both parents jointly make the request for shared parenting in their pleadings or jointly file the motion and also jointly file the shared parenting plan. R.C. 3109.04(D)(1)(a)(i).

[2] This language implies that a mere request by one or both of the parents is a sufficient basis for the trial court's termination of a prior final shared parenting decree under this division, even without the finding that shared parenting is not in the child's best interest. *See Fisher,* 2007-Ohio-5589, ¶¶ 38, 56 (Pfeifer, J., dissenting) ("That statute allows a court to terminate a final shared-parenting decree merely upon the request of one or both of the parents * * *"; "* * * such a request is sufficient for termination under R.C. 3109.04(E)(2)(c)."); *In re J.L.F.,* 8th Dist. Cuyahoga No. 97405, 2012-Ohio-1748, ¶ 4 ("R.C. 3109.04(E)(2)(c) * * * allows a court to terminate a final shared-parenting decree merely upon the request of one or both of the parents."); *Tomaszewski v. Tomaszewski*, 8th Dist. Cuyahoga No. 86976, 2006-Ohio-3357, ¶ 10 ("Pursuant to R.C. 3109.04(E)(2)(c), a domestic relations court may terminate a shared parenting order either upon the motion of either parent or simply whenever the court determines that shared parenting is no longer in the best interest of the children.").

R.C. 3109.04(E)(2)(d) ("a change in circumstances is not required before terminating shared parenting. * * * After termination, the court issues a modified decree allocating parental rights 'as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.'"). Neither do divisions (A), (B), or (C), of this section require such a finding. *See* R.C. 3109.04. The only requirement is that the shared parenting is "not in the best interest of the children." R.C. 3109.04(E)(2)(c); *Nolan v. Nolan*, 4th Dist. Scioto No. 11CA3444, 2012-Ohio-3736, ¶ 44 ("In deciding whether to terminate the shared-parenting plan, 'the trial court should have applied R.C. 3109.04(E)(2)(c) and utilized only the "best interests" test.'"), quoting *Kougher v. Kougher*, 194 Ohio App.3d 703, 2011-Ohio-3411, 957 N.E.2d 835, ¶ 22 (7th Dist.).[3]

{¶13} Further, we would suggest that a finding that "the modification is necessary to serve the best interest of the child" (R.C. 3109.04(E)(1)(a)), is not exactly the same as a finding that "shared parenting is not in the best interest of the children" (R.C. 3109.04(E)(2)(c)). The latter impliedly contemplates that some significant change of circumstances has occurred for the shared parenting that was in the child's best interest when implemented to be no longer in this child's best interest. *See* R.C. 3109.04(A)(2) and R.C. 3109.04(D) (requiring the court to

---

[3] But see fn. 2 above, for an alternative basis for termination.

determine that shared parenting is in the best interest of the children prior to approving the shared parenting plan and issuing a shared parenting order).

{¶14} We recognize that under the Ohio Supreme Court decision in *Fisher*, a trial court's action "terminating" a shared parenting plan that effectively results in "a modification of the designation of residential parent and legal custodian of a child" may require a two-step analysis. *Fisher*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546 at ¶ 37. In *Fisher*, both parents moved to become the sole residential parent and legal custodian of their minor child and the trial court, finding that the termination of shared parenting was proper, designated the mother as the residential parent. *Id.* at ¶¶ 2-3. However, "[d]espite the trial court's language 'terminating' the parties' shared-parenting plan, the court of appeals reviewed the parties' motions and the trial court's entry and determined that the trial court had not terminated the parties' shared parenting plan but instead had modified the plan."[4] *Id.* at ¶ 6. Therefore, the *Fisher* decision focused on the issue of modification of the shared parenting plan and did not concern termination of a plan and issuing a new decree "as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." *See* 3109.04(E)(2)(d). Resolving the dispute regarding the appropriate standard of

---

[4] The Court of Appeals in *Fisher* noted that the parties "actually moved to be designated the sole residential parent and legal custodian of Demetra, not to terminate the shared-parenting plan." *Fisher v. Hasenjager*, 168 Ohio App.3d 321, 2006-Ohio-4190, 859 N.E.2d 1022, ¶ 24 (3d Dist.). The court of appeals further noted that the trial court left "'all other orders not in conflict with the [modifications it made] in full force and effect.' This shows that the trial court intended to keep the remaining terms of the plan in effect and enforceable." *Id.*

review for the matter, the Supreme Court held that R.C. 3109.04(E)(1)(a) is used for "a modification of the designation of residential parent and legal custodian of a child." *Fisher* at ¶ 37.

{¶15} This case is distinguishable from *Fisher*, however, because Linda did not ask for a modification of the designation of residential parent, but simply requested termination of the shared parenting plan.[5] Accordingly, this case does not mandate a review under the two-step analysis, of R.C. 3109.04(E)(1)(a).

{¶16} To summarize, when a trial court engages in a *modification of custody*, rather than termination of a shared parenting decree, then the two-step procedure of R.C. 3109.04(E)(1)(a) must be used. *See Fisher* at syllabus. Conversely, when the court terminates shared parenting and issues a new parenting decree pursuant to R.C. 3109.04(E)(2)(d), "as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made," the standard of R.C. 3109.04(E)(2)(c) applies. *See Kougher*, 194 Ohio App.3d 703, 2011-Ohio-3411, 957 N.E.2d 835 at ¶¶ 5, 18 (distinguishing *Fisher* as a case that "dealt with a problem arising from a request to modify parental rights under a shared-parenting decree rather than a motion to completely terminate such a decree," and applying R.C. 3109.04(E)(2)(c) to termination of the

---

[5] We note that although Linda's Appellate Brief requests that she be "named the residential parent," the record from the trial court does not disclose similar requests. (App't Br. at 15.) During the hearing, Linda testified that she had no objections to her daughter spending every other week at Jeff's house and the reason for requesting termination was her desire to have "a little extra money," stating, "[t]he shared-parenting isn't working for me at all." (Tr. at 19, 25; *see also* R. 58, Magistrate's Decision at 2.)

shared parenting decree); *Rogers v. Rogers*, 6th Dist. Huron No. H-07-024, 2008-Ohio-1790, ¶¶ 10, 12 (interpreting *Fisher* as holding that "a mere change in the designation of the residential parent and legal custodian did not constitute a termination of the shared parenting plan, but rather only a modification of the plan" that requires a review under R.C. 3109.04(E)(1)(a), and terminating the shared parenting plan based on R.C. 3109.04(E)(2)(c)); *Beismann v. Beismann*, 2d Dist. Montgomery No. 22323, 2008-Ohio-984, ¶¶ 10, 13 (interpreting *Fisher* as standing for a proposition that "a mere change in the designation of the residential parent and legal custodian did not constitute a termination of the shared parenting plan, but rather only a modification of the plan," and affirming the application of R.C. 3109.04(E)(2)(c) to termination of the shared parenting plan).

{¶17} We note that Linda's appeal fails under both standards of review, R.C. 3109.04(E)(1)(a) and R.C. 3109.04(E)(2)(c), as they both require an analysis of the best interest of the child that was properly conducted by the trial court. For the same reason, we address the two assignments of error together.

{¶18} In her first assignment of error, Linda claims that evidence of Jeff's drinking habits was sufficient to warrant termination of the shared parenting plan and thus, the trial court abused its discretion by denying her motion. The trial court did not address whether Jeff's drinking habits if new, would constitute a sufficient change of circumstances so as to satisfy the first prong required by R.C.

3109.04(E)(1)(a), but it held that those habits did not affect the best interest analysis. The second assignment of error focuses on the trial court's failure to find a change of circumstances due to Jeff's non-adherence to the shared parenting plan. This assignment of error is moot under our finding that R.C. 3109.04(E)(2)(c) applies to this case and therefore, the finding of change was not required. But, even under the standard of R.C. 3109.04(E)(1)(a), Linda would have to be successful in challenging both parts of the trial court's analysis under the abuse of discretion standard in order to prevail in this appeal. She was not.

{¶19} Whether terminating or modifying a shared parenting plan, the trial court must consider the best interest of the children under the factors outlined in R.C. 3109.04(F), "but may consider additional factors as well." *See Heiser v. Heiser*, 3d Dist. Mercer No. 10-07-02, 2007-Ohio-5487, ¶ 27; *Herdman v. Herdman*, 3d Dist. Marion No. 9-08-32, 2009-Ohio-303, ¶ 6. The magistrate addressed the statutory requirements of R.C. 3109.04(F)(1) and (2), addressing each factor in detail and referring to specific evidence that supported her findings. Linda argues that these findings were motivated by the magistrate's determination that Linda was at fault for non-enforcement of the shared parenting plan. The trial court, however, did not refer to either party's fault and, after reviewing the matter independently, concluded that termination would not be in Jeanna's best interest and that shared parenting was in her best interest.

{¶20} The trial court's determination of what is in the best interest of the child will not be reversed absent an abuse of discretion. *Errington v. Errington*, 3d Dist. Wyandot No. 16-01-17, 2002-Ohio-1419. This standard requires that the trial court's reasoning not be disturbed unless it was "unreasonable, arbitrary or unconscionable," because the trial judge is best equipped to determine and weigh the credibility of the proffered testimony. *Davis v. Flickinger*, 77 Ohio St. 3d 415, 416, 418, 674 N.E.2d 1159 (1997); *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983). There is competent, credible evidence in the record to sustain the above findings made by the magistrate while observing the witnesses and their demeanor at the hearing. Furthermore, the evidence supports the trial court's determination that termination of the shared parenting plan is not necessary to serve Jeanna's best interest and that shared parenting continues to be in her best interest.

{¶21} Accordingly, under R.C. 3109.04(E)(2)(c), Linda's motion to terminate the prior final shared parenting plan fails because there is insufficient evidence that "shared parenting is not in the best interest of the [child]." Further, even under R.C. 3109.04(E)(1)(a), Linda has failed to satisfy the second prong of the inquiry, i.e., "that the modification is necessary to serve the best interest of the child." Therefore, the trial court's denial of Linda's motion was not unreasonable,

arbitrary, or unconscionable. For that reason, Appellant's first and second assignments of error are overruled.

{¶22} Based upon the foregoing, we hold that the trial court did not abuse its discretion when it overruled Linda's objections to the magistrate's decision and denied her Motion to Terminate Shared Parenting Plan. Having found no error prejudicial to Appellant, in the particulars assigned and argued, we affirm the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**