[Cite as *Warner v. Thomas*, 2014-Ohio-3544.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY


BENJAMIN LEE WARNER,

    PLAINTIFF-APPELLEE,                 CASE NO.  17-14-04

    v.

PENNY ANN THOMAS,                       O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Shelby County Common Pleas Court
Juvenile Division
Trial Court No. 2010-PAT-0001

Judgment Reversed and Cause Remanded

Date of Decision:   August 18, 2014


APPEARANCES:

    *John A. Poppe* **for Appellant**

    *Rob C. Wiesenmayer, II*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Penny Ann Thomas ("Penny"), appeals the December 20, 2013 judgment of the Shelby County Court of Common Pleas, Juvenile Division, finding the objections to the magistrate's decision filed by plaintiff-appellee, Benjamin Lee Warner ("Benjamin") to be well-taken and dismissing the motions to terminate the shared parenting decree filed separately by each party. Specifically, the trial court found "in its independent review, and upon the totality of the evidence, that a change has *not* occurred in the circumstances of [the parties' child] or her parents." (Doc. No. 319 at 4) (emphasis sic). On this basis, the trial court declined to adopt the magistrate's recommendation of terminating the parties' shared parenting decree and designating Penny as the child's residential parent.

{¶2} The parties share custody of their daughter, who was born in April of 2009. In 2010, the parties entered into a shared parenting arrangement, in which both parties were named legal custodians of their child and a detailed visitation schedule was established. The shared parenting plan designated Penny as "residential parent solely for the purpose of interpreting the Standard Order of Parenting Time." (Doc. No. 17 at 3). The trial court accepted the parties' arrangement and issued an order approving the shared parenting plan. The shared

parenting decree was subsequently modified by agreement of the parties and by the trial court's approval.

{¶3} On March 18, 2013, Penny filed a "Motion to Terminate Shared Parenting Plan; Motion for Custody and Child Support; Motion [for] Supervised Parenting." In this motion, Penny argued that the parties' shared parenting plan was no longer in their child's best interests. Penny requested that the trial court terminate the parties' shared parenting decree, designate her as the child's residential parent and legal custodian, and order Benjamin to have only supervised parenting time with their daughter.

{¶4} On April 8, 2010, Benjamin filed "Plaintiff's Motion to Modify Parental Rights and Responsibilities." In his motion, Benjamin requested that the trial court terminate the parties' shared parenting decree and designate him as the residential parent and legal custodian of their child, or "in the alternative" adopt the new shared parenting plan submitted with his motion. (Doc. No. 221).

{¶5} On September 9, 2013, the magistrate conducted a final hearing on the parties' motions, where both sides presented evidence in support of their positions. On September 27, 2013, the magistrate issued a thorough decision finding that a change in circumstance had occurred. The magistrate also considered whether continuing shared parenting was in the child's best interest and concluded that "the parties cannot cooperate and make decisions jointly and the parties cannot

encourage the sharing of love, affection and contact. As a result, the Magistrate believes that the Court should grant the request of each party and terminate the Shared Parenting Plan." (Doc. No. 305 at 3). The magistrate analyzed the factors enumerated in R.C. 3109.04(F)(1) and determined that designating Penny as residential parent and legal custodian was in the child's best interest. Accordingly, the magistrate recommended that the parties' shared parenting decree be terminated, that Penny be designated the child's residential parent and legal custodian, and that Benjamin be granted visitation in accordance with the local rules. Benjamin subsequently filed objections to the magistrate's decision.

{¶6} On December 20, 2013, the trial court issued its judgment entry, conducting its independent review of the matter. In a detailed analysis, the trial court concluded that the record did not support the magistrate's decision finding a change in circumstances sufficient to warrant a *modification* of the shared parenting decree. The trial court did not address the magistrate's recommendations of whether continuing or terminating shared parenting was in the child's best interest because it determined that the "threshold matter" of change in circumstance was not met and therefore further review was not necessary. (Doc. No. 319 at 4). The trial court overruled and dismissed both parties' motions and ordered the existing shared parenting decree to remain in effect.

{¶7} Penny filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT DID NOT APPLY THE CORRECT LEGAL STANDARD TO THE CASE SUB JUDICE.**

{¶8} In her sole assignment of error, Penny argues that the trial court erroneously applied the two-step standard for analyzing a modification of an existing shared parenting decree which requires that a "change in circumstances" has occurred as well as a finding that the modification is in the child's best interest. Penny maintains that both parties filed motions to terminate the existing shared parenting decree which implicates a different statutory section and does not require a showing of a "change in circumstances." Because Penny raises a question of law, we apply a de novo standard of review. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 4.

{¶9} Section 3109.04(E) of the Ohio Revised Code governs the modification and termination of a shared parenting decree and provides in relevant part:

> **(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting**

**decree, unless a modification is in the best interest of the child and one of the following applies:**

**(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.**

**(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.**

**(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.**

**\* \* \***

**(2) In addition to a modification authorized under division (E)(1) of this section:**

**(a) Both parents under a shared parenting decree jointly may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree. Modifications under this division may be made at any time. The modifications to the plan shall be filed jointly by both parents with the court, and the court shall include them in the plan, unless they are not in the best interest of the children. If the modifications are not in the best interests of the children, the court, in its discretion, may reject the modifications or make modifications to the proposed modifications or the plan that are in the best interest of the children. \* \* \*.**

**(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the**

**plan under this division, unless the modification is in the best interest of the children.**

**(c)  The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children.  The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children.  If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.**

**(d)  Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.**

R.C. 3109.04(E).  In a recent opinion, *Drees v. Drees*, 3d Dist. No. 10-13-04, 2013-Ohio-5197, this Court thoroughly analyzed the different legal standards for a modification and a termination of a shared parenting decree and succinctly noted that:

**[W]hen a trial court engages in a modification of custody, rather than termination of a shared parenting decree, then the two-step procedure of R.C. 3109.04(E)(1)(a) must be used.  Conversely,**

**when the court terminates shared parenting and issues a new parenting decree pursuant to R.C. 3109.04(E)(2)(d), "as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made," the standard of R.C. 3109.04(E)(2)(c) applies.**

*Drees* at ¶ 16. As stated above, R.C. 3109.04(E)(2)(c) permits a trial court to terminate a share parenting decree upon determining "that shared parenting is not in the best interest of the children."

{¶10} In the case sub judice, the record reflects that both parties filed motions to terminate the shared parenting decree. In its decision, the magistrate conducted the two-step analysis under R.C. 3109.04(E)(1)(a) and found a change in circumstance existed, however as previously discussed such a determination was unnecessary. Nevertheless, the magistrate ultimately found that shared parenting was not in the child's best interest and applied the appropriate standard under R.C. 3109.04(E)(2)(c) in recommending the existing shared parenting decree be terminated. The magistrate also recommended that Penny be designated residential parent and legal custodian of the parties' child and that Benjamin be given local rule visitation, which would require the issuance of a new parental decree pursuant to R.C. 3109.04(E)(2)(d) upon the termination of the existing shared parenting decree.

{¶11} When the trial court conducted its independent review of the magistrate's decision, it noted that the parties each filed motions to terminate the

-8-

shared parenting decree. However, in a footnote the trial court mistakenly characterizes Benjamin's motion as follows: "Plaintiff's motion seeks the termination of the September 2, 2010 plan *and* the request to approve a *new* shared parenting plan." (Doc. No. 319 at 2) (emphasis sic). The record establishes that Benjamin's motion stated as follows: "Plaintiff/Father requests that this Court terminate the parties' shared parenting plan, and name Plaintiff/Father the residential parent and legal custodian of said child, or in the alternative, that this Court adopt Plaintiff/Father's *Shared Parenting Plan of Father* as permanent orders of this Court." (Doc. No. 221) (emphasis sic).

{¶12} Notwithstanding this fact, the trial court proceeded to analyze the case under the legal standard for modification of a shared parenting decree. The trial court then declined to adopt the magistrate's decision based upon its determination that the record did not support a "change in circumstance" finding without addressing the appropriate legal standard of whether continuing shared parenting is the child's best interest. The trial court also stated the following orders in its judgment entry:

> **[Penny's] motion to modify the shared parenting decree is OVERRULED and DISMISSED;**
>
> **[Benjamin's] motion to modify the shared parenting decree (and related relief) is OVERRULED and DISMISSED.**

(Doc. No. 319 at 4).

{¶13} Contrary to the trial court's characterization of the parties' motions above, the record clearly indicates that the parties requested termination of the existing shared parenting decree and that the magistrate recommended the same. We note that R.C. 3109.04(E)(2)(c) does not explicitly require a best interest determination when the trial court merely continues the implementation of a shared parenting decree. Nevertheless, when a trial court is reviewing a magistrate's specific recommendation to terminate a shared parenting decree, we believe a best interest analysis is more consistent with the intent of R.C. 3109.04(E)(2)(c) and is the better practice, even if the trial court ultimately declines to adopt the recommendation. Accordingly, we have no choice but to conclude that the trial court erred when it failed to apply the appropriate legal standard for termination and when it failed to conduct an inquiry regarding whether continuing or terminating shared parenting is in the best interest of the child.

{¶14} We note that both the magistrate and the trial court relied on the Supreme Court of Ohio's decision in *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589 in applying the two-step analysis of R.C. 3109.04(E)(1)(a) to this case. However, as we discussed in *Drees*, *Fisher* is inapplicable to this case because the Court in *Fisher* addressed a modification of the designation of

residential parent and not a termination of an existing shared parenting decree. *See Drees* at ¶¶ 14-16.

{¶15} For all these reasons, the assignment of error is sustained, the judgment of the trial court is reversed and the cause is remanded to the trial court to address whether shared parenting is in the best interest of the parties' child.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**