[Cite as *S.M. v. S.P.*, 2015-Ohio-3195.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

S.M.

        Appellee

v.

S.P.

        Appellant

Court of Appeals No. L-14-1244

Trial Court No. AD 06151789

**DECISION AND JUDGMENT**

Decided:  August 7, 2015

* * * * *

Theodore B. Tucker, III, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, S.P., appeals from the October 22, 2014 judgment of the Lucas County Court of Common Pleas, Juvenile Division, ordering the parties to participate in mediation to resolve scheduling conflicts under a shared parenting decree.  Because we find the trial court did not properly determine the issue before it, we reverse.

ASSIGNMENT OF ERROR NUMBER ONE

THE COURT ERRED IN GRANTING PLAINTIFF/APPELLEE S. M.'S (FATHER'S) MOTION TO DISMISS PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 41 IN PART WHEREIN THE COURT DISMISSED THE REQUEST OF DEFENDANT/APPELLANT S.P. (MOTHER) TO TERMINATE THE SHARED PARENTING PLAN INDICATING THAT A SUBSTANTIAL CHANGE OF CIRCUMSTANCE WAS REQUIRED TO BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE.

ASSIGNMENT OF ERROR NUMBER TWO

THE COURT ERRED IN THE COURT'S CONCLUSION OF LAW THAT DEFENDANT/APPELLANT S.P. (MOTHER), DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THERE HAD BEEN A SUBSTANTIAL CHANGE OF CIRCUMSTANCES SINCE THE LAST COURT ORDER.

ASSIGNMENT OF ERROR NUMBER THREE

COURT ERRED IN DETERMINING THAT THE DEFENDANT/APPELLANT S.P. (MOTHER) HAD RESTED HER CASE.

ASSIGNMENT OF ERROR NUMBER FOUR

THE COURT ERRED IN DENYING DEFENDANT-APPELLANT S.P.'S (MOTHER'S) REQUEST TO MODIFY PLAINTIFF-APPELLEE S.M.'S (FATHER'S) PARENTING TIME.

ASSIGNMENT OF ERROR NUMBER FIVE

THE COURT ERRED IN THE COURT'S CONCLUSION OF LAW THAT DEFENDANT/APPELLANT S.P. (MOTHER) DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE TERMINATION OR MODIFICATION OF THE EXISTING SHARED PARENTING PLAN IS IN THE BEST INTERESTS OF THE CHILD.

ASSIGNMENT OF ERROR NUMBER SIX

THE COURT ERRED IN ITS DETERMINATION IN DENYING DEFENDANT/APPELLANT'S (MOTHER'S) REQUEST TO TERMINATE THE SHARED PARENTING PLAN, OR TO MODIFY SAME AND SUCH DETERMINATION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} This case involves a post-paternity action. On June 6, 2007, a consent judgment entry was journalized, incorporating a revised shared parenting plan for the care of the minor child of the parties who was born July 18, 2002. On August 29, 2012, the mother filed a motion to terminate the shared parenting plan and reallocate the parental rights and responsibilities. She asserted that there had been a significant and

3.

substantial change of circumstances because the father would not participate in mediation as provided for by the shared parenting decree.

{¶ 3} A mediation was conducted on October 19, 2012. No agreement could be reached. The case was heard by a magistrate on May 29, October 25, November 8, and December 3, 2013.

{¶ 4} The mother argued that there had been a change of circumstances since the shared parenting decree was entered and the alternative possession of the child on a 50/50 basis was no longer in the child's best interest. She sought termination of the shared parenting plan because it was causing the child's life to be very inconsistent. She argued that different people were helping with homework, which resulted in the child's grades being poor in certain subjects; the child is restricted in her ability to associate with the extended maternal family and participate in sport programs; and medical issues have arisen because of multiple parties being involved and the child not being allowed to call the mother. The mother presented testimonial evidence from the child's teacher, the child's maternal grandparents, a coworker, a priest from their church, a maternal uncle, and herself. The witnesses testified that the mother provides a good home for the child; the mother is involved in the child's education; the mother and child have a good relationship; the child has good relationships with her maternal extended family but has missed events because of the shared parenting schedule; both parents live close to the school and each other; the paternal family members are caring for the child during the father's parenting time; the parents do not communicate well because of the father's

4.

inability to communicate; and the child needs additional tutoring to keep up with her schoolwork. The mother also submitted arrearage statements from the Lucas County Child support enforcement agency which evidence that the father was in arrears in his child support payments. The mother testified that she wants the father to have meaningful time with the child, but she wanted to abide by the court schedule of every other weekend and Wednesday so the child is not being left with other family members and will be assisted with her homework.

{¶ 5} During the hearing, the father moved to dismiss the mother's motion to terminate the shared parenting decree. The facts relating to the motion to dismiss are discussed under the mother's third assignment of error.

{¶ 6} On December 17, 2013, the magistrate issued its decision finding that the mother had not proven by a preponderance of the evidence that there had been a substantial change of circumstances or that the current parenting time order was not in the best interest of the child. The magistrate concluded that the mother's August 29, 2012 motion to terminate the shared parenting decree was not well-taken, and the motion was denied. The magistrate also found that the shared parenting plan incorporated into the February 24, 2010 decree remained in effect.

{¶ 7} In a separate entry of the same date, the magistrate memorialized his ruling made during the hearing granting in part the father's "Civ.R. 41" motion to dismiss the mother's motion to terminate the shared parenting decree and denying the motion as to the issue of whether amending the parenting time schedule was in the child's best

5.

interest.  The decision also memorialized the magistrate's ruling that, while the mother disputed that she had rested her case, the magistrate found that the mother had rested and the father rested his case without presenting any evidence.

{¶ 8} The mother filed written objections to the magistrate's decision on December 31, 2013, as amended by a supplemental argument filed May 30, 2014, after the transcript had been prepared and filed February 11, 2014.  First, the mother argued the magistrate erred as a matter of law in granting the motion to dismiss in part because the magistrate employed the wrong standard.  While the father moved pursuant to Civ.R. 12(B)(6), to dismiss the motion on the grounds that it failed to state a claim upon which relief could be granted, the magistrate treated the motion as a Civ.R. 41 dismissal.  Furthermore, she argued that R.C. 3109.04(E)(2)(c) provides that a court may terminate a shared parenting decree if it determines that the shared parenting decree is not in the best interest of the child(ren).  Therefore, the mother argued she was not required to prove a change of circumstances in order to have the shared parenting decree terminated.

{¶ 9} Second, the mother argued the magistrate had erred in its conclusion of law that the mother had not proven by a preponderance of the evidence that there had been a substantial change of circumstances since the last court order.  She argues that even if such evidence was necessary to terminate or modify the plan, she had presented sufficient evidence of a substantial change of circumstances (the child was 3 years older and in a different grade at school; the child had academic issues requiring additional tutoring; the child has medical issues; the father was in arrears with child support; the child was

6.

actually spending time with the paternal grandmother rather than the father during his parenting time; the child's ability to enroll and participation in extracurricular activities of her choice was being infringed; there were communication issues between the parties; and the mother had successfully completed counseling as ordered by the court).

{¶ 10} Third, the mother argued that the magistrate erred in finding the mother had rested her case. The mother contended that she never stated at the hearing that she had rested her case and she had subpoenaed the paternal grandmother and the father in order to present their testimony as further evidence.

{¶ 11} Fourth, the mother argued the magistrate erred in denying her request to modify the father's parenting time. She argued that she had presented a preponderance of evidence establishing a substantial change of circumstances since the February 24, 2010 shared parenting decree was ordered as discussed above. Furthermore, she argues she presented evidence to establish that it would be in the best interest of the child to terminate the shared parenting decree and designate the mother as the residential parent of the child or at least modify the shared parenting decree with significant more parenting time being allocated to the mother. The mother noted that the magistrate had indicated at the hearing that he could alter the shared parenting decree based on the best interest of the child.

{¶ 12} Fifth, the mother argued that the magistrate erred in his conclusions of law by finding that the mother did not prove by a preponderance of the evidence that the current parenting time order is not in the best interest of the child. She argues, based on

7.

the factors of R.C. 3109.04(F) and 3119.23, that she presented the relevant evidence to substantiate her claims. Furthermore, she emphasized that the father had failed to present any evidence regarding these factors.

{¶ 13} Sixth, the mother argued the magistrate's determination denying her request to terminate the shared parenting decree, or to modify the decree, was contrary to the manifest weight of the evidence.

{¶ 14} The trial court conducted a de novo review of the matter, including the transcript, exhibits, and the mother's objections. In a judgment journalized on October 22, 2014, the trial court affirmed the magistrate's decision of December 17, 2013, which denied the mother's motion to terminate the shared parenting decree. However, the court found that it would be in the child's best interest to modify the parenting time schedule because of the child's age and increasing after-school activities. Therefore, the court ordered the parties to participate in mediation to address the scheduling issues.

{¶ 15} The parties were scheduled for mediation on December 17, 2014. However, to preserve her right to appeal, the mother filed an appeal from the October 22, 2014 judgment on November 17, 2014. The case is now before us for review.

{¶ 16} In her first assignment of error appellant alleges that the trial court erred by granting the father's motion to dismiss pursuant to Civ.R. 41(B)(2), on the grounds that she had failed to show a right to relief. The mother argues that she did not have to demonstrate a change of circumstances to terminate the shared parenting plan. Instead,

8.

she was only required to prove that termination of the agreement was in the best interest of the child, which she argues she did. Therefore, the mother argues that the trial court should not have granted the father's motion to dismiss. We agree.

{¶ 17} When a party moves to terminate a shared parenting plan which has been incorporated into the court's shared parenting decree, the moving party need only demonstrate that termination of the decree is in the best interest of the child(ren). R.C. 3109.04(E)(2)(c); *Drees v. Drees*, 3d Dist. Mercer No. 10-13-04, 2013-Ohio-5197, ¶ 10-12; and *Rogers v. Rogers,* 6th Dist. Huron No. H-07-024, 2008-Ohio-1790, ¶ 9-12. However, to modify the shared parenting decree, the court must find both a change in circumstances and that the modification was in the best interest of the child(ren). R.C. 3109.04(E)(1)(a); *Fisher v. Hasenjager,* 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 37; and *Drees* at ¶ 14. Therefore, in this case, the mother was only required to prove that termination of the shared parenting decree would be in the best interest of the child.

{¶ 18} The trial court conducted a de novo review of the matter and affirmed the magistrate's decision denying the mother's motion to terminate the shared parenting decree because the mother had not proven a change in circumstances. Clearly, the parties, the magistrate, and the trial court confused the different standards for termination and modification of a shared parenting decree. Having applied the wrong standard for determining whether the shared parenting decree should be terminated, we find the mother's first assignment of error well-taken. On remand, the trial court must determine

9.

whether termination of the shared parenting decree would be in the best interest of the child.

{¶ 19} In her second assignment of error, appellant argues, alternatively, under the standard applied by the trial court, the finding that she had not proven a change of circumstances was contrary to the manifest weight of the evidence. However, the mother never moved to modify the decree and did not need to establish a change of circumstances to terminate the plan. Having found that the trial court erred by applying the wrong standard, we find this assignment of error is rendered moot.

{¶ 20} In her third assignment of error, the mother argues that the trial court erred when it determined that she had rested her case. The mother filed an objection to the magistrate's finding the mother had rested her case. The trial court did not specifically overrule this objection, but ruled that the mother had not proven her case. Upon a review of the transcript, we agree that the mother had not rested her case.

{¶ 21} At the end of the second hearing, the mother's attorney indicated that he was done for the day. After the father's attorney moved to admit the exhibits he had introduced that day, the mother's attorney stated that to keep things in order, he should admit his exhibits first. Afterward, the father moved to dismiss the mother's motion to terminate the decree (while the attorney stated the motion was pursuant to "Civ.R. 12(B)(6)," he intended to request a dismissal based on Civ.R. 41(B)(2)). He argued the mother had failed to establish a substantial change of circumstances. The mother's attorney argued that a prima facie case had been established, but that the court could

10.

consider at the close of all of the evidence whether there was sufficient evidence to support a finding of the substantial change of circumstances and what would be in the child's best interest.

{¶ 22} The magistrate granted the father's motion in part finding the mother had failed to prove there had been a substantial change of circumstances to warrant termination of the shared parenting plan incorporated into the court's decree. However, the magistrate would consider whether the best interest of the child would support the court's modification of the shared parenting decree. The hearing was continued to December 3, 2013.

{¶ 23} At that final hearing, the magistrate began by stating that the mother had rested at the end of the last hearing. The mother's attorney corrected the court and stated that he had not formally rested the mother's case. He explained that he had previously subpoenaed the paternal grandmother and the father. However, after speaking with the father's attorney, he determined the mother's attorney decided to wait for the witnesses to be called by the father to testify and cross-examine them. However, the father's attorney rested his case at the beginning of the hearing without presenting any witnesses. The magistrate found that the mother's attorney should not have relied on the father calling any witness and had the obligation to call the witnesses himself.

{¶ 24} The father's attorney argued he believed the mother had rested her case because her attorney moved to admit his exhibits and, therefore, the father's attorney moved for a directed verdict. The magistrate concluded that because the mother's

11.

attorney had not objected to the father's attorney moving for a directed verdict, the magistrate could assume that the mother's attorney had rested his case even if he had not stated he had rested. Furthermore, the magistrate found the admission of the exhibits into evidence also indicated that the mother's attorney had rested his case. Therefore, the magistrate adjourned the hearing indicating that the only issue left to be determined was whether the best interest of the child warranted a modification of the shared parenting decree.

{¶ 25} First, this case is complicated by the fact that the parties, magistrate, and court applied the wrong standard as discussed above. The court did not need to determine if a substantial change had occurred. The only relevant issue was whether termination of the shared parenting decree was in the child's best interest.

{¶ 26} Second, we find it is clear from the transcript that the mother's attorney had not rested his case. He had merely attempted to keep order by offering to admit his exhibits prior to the father's exhibits.

{¶ 27} Third, the mother's attorney stated that he had not rested and what witnesses he still intended to call. It is clear from a reading of the entire transcript that the mother's attorney was attempting to expedite the hearing since the magistrate indicated at the second hearing this case was over age and he was pressured to conclude the matter. The mother's attorney told the magistrate that he had subpoenaed his final witnesses but agreed to conduct a cross-examination instead. After the mother's attorney

12.

told the basis for his intentions, allowing the father to rest his case without any witnesses being called, unfairly took advantage of the mother.

{¶ 28} Therefore, we find that the trial court erred by dismissing the mother's objection to the magistrate's ruling that the mother had rested her case. The mother's third assignment of error is found well-taken.

{¶ 29} In her fourth assignment of error, the mother argued that the trial court erred by not granting her motion to modify the shared parenting decree. We find this assignment is moot because the mother never moved to modify the shared parenting decree.

{¶ 30} In her fifth assignment of error, the mother argues that the trial court erred in concluding that the mother had not proven by a preponderance of the evidence that the termination of the shared parenting decree was in the best interest of the child. In her sixth assignment of error, the mother argues that the trial court erred in determining or denying her request to terminate or modify the shared parenting decree. These two assignments of error will be considered together.

{¶ 31} Upon a review of the record, the trial court found that it was not convinced that the terms of the shared parenting decree regarding the parenting time schedule was in the best interest of the child in light of her age and increased school activities. Therefore, the court ordered the parties to participate in mediation to address the scheduling issues.

{¶ 32} We find that the trial court erred as a matter of law. The court was faced with a motion to terminate the shared parenting decree. The only issue for the court to

13.

determine was whether the best interest of the child warranted terminating the shared parenting decree. If the court found termination was warranted, the court was then required by R.C. 3109.04(E)(2)(d) to issue a modified decree allocating the parental rights and responsibilities. Having failed to properly determine whether the motion to terminate the shared parenting decree should be granted or denied, the trial court erred as a matter of law. Appellant's fifth and sixth assignments of error are well-taken.

{¶ 33} Having found that the trial court did commit error prejudicial to the mother, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                              JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, P.J.       _____
CONCUR.                                           JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.