[Cite as *Curtis v. Curtis*, 2012-Ohio-4855.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CHAD M. CURTIS | : | |
| | : | Appellate Case No. 25211 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-DR-909 |
| v. | : | |
| | : | |
| JAMAICA J. CURTIS | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 19th day of October, 2012.

. . . . . . . . . . .

BRYAN K. PENICK, Atty. Reg. #0071489, Penick & Deters, 1800 Lyons Road, Dayton, Ohio 45459
　　　Attorney for Plaintiff-Appellee

ADRIENNE D. BROOKS, Atty. Reg. #0078152, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}　　Jamaica Curtis appeals from a domestic relations court's decree terminating a prior final shared-parenting plan and modifying the allocation of parental rights and responsibilities for the care of her and her former husband's two children. The court designated her former husband, Chad Curtis, appellee, the children's residential parent and legal custodian. Jamaica challenges this decision. Finding no error, we affirm.

**Background**

{¶ 2}    Jamaica (Mother) and Chad (Father) have two children together–L.C., born in 2002, and his sister, H.C., born in 2003. In August 2010, Mother and Father were divorced, and a shared-parenting decree was entered. Later that same year, both parties asked the domestic relations court to terminate shared parenting. The court referred the matter to a magistrate.

{¶ 3}    On the magistrate's order, the court's Family Relations Department completed a family investigation and filed a report. The magistrate held a hearing at which Mother and Father testified as well as the maternal grandmother and paternal grandfather. In October 2011, the magistrate issued a decision recommending that shared parenting continue but with modifications. Both parties filed objections to the magistrate's decision with the trial court.

{¶ 4}    In May 2012, the trial court largely rejected the magistrate's decision. After determining that it was in the children's best interest to terminate shared parenting, the court concluded that it was in the children's best interest to designate Father as their residential parent and legal custodian.

{¶ 5}    Mother appealed.

**The Designation of Father as the Custodian Parent**

{¶ 6}    Mother's sole assignment of error challenges the trial court's designation of Father as the custodial parent. Mother contends that this decision is an abuse of the court's discretion and that the designation of Father is contrary to the weight of the evidence. We disagree with both contentions.

{¶ 7}    Before explaining our disagreement, we briefly address the statutory requirements for terminating shared parenting and issuing a modified decree allocating parental rights. The governing statute, R.C. 3109.04, permits a court to modify a parental-rights decree. R.C. 3109.04(E)(1). And the statue permits a court to terminate shared parenting. R.C. 3109.04(E)(2)(c). Generally, to modify a parental rights decree the court must first find that there has been a change in circumstances. R.C.

3109.04(E)(1)(a). But a change in circumstances is not required before terminating shared parenting. *Brennaman v. Huber*, 2d Dist. Greene Nos. 97 CA 53 and 94 DR 0058, 1998 WL 127081, *2 (Mar. 20, 1998) (saying that "nothing in R.C. 3109.04(E)(2)(c) requires the trial court to find a change of circumstances in order to terminate a shared parenting agreement"). To terminate shared parenting, the statue requires only "'that the court find that it is in the best interests of the minor child.'" *Toler v. Toler*, 2d Dist. Clark No. 10-CA-69, 2011-Ohio-3510, ¶ 11, quoting *Beismann v. Beismann*, 2d Dist. Montgomery No. 22323, 2008-Ohio-984, ¶ 8; *see Goetze v. Goetze*, 2d Dist. Montgomery No. 16491, 1998 WL 136164, *2 (Mar. 27, 1998) (observing that "[s]everal appellate districts, including this one, have held that a trial court need not find a change of circumstances before terminating a shared parenting decree"). After termination, the court issues a modified decree allocating parental rights "as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made." R.C. 3109.04(E)(2)(d).

**{¶ 8}** Here the trial court's decision to terminate the shared-parenting decree is not challenged–both parties asked the court to terminate it. The parties appear to be under the mistaken impression that a change in circumstances was needed for the court to do this. Both parties briefed the change-in-circumstances issue, despite agreeing that there has been a change. Because the issue is not contested, we will not consider it further.

**{¶ 9}** The contested issues raised are abuse of discretion and the weight of the evidence. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect." *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). "The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion." (Citations omitted.) *Beismann* at ¶ 20. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no

sound reasoning process that would support that decision.'" *Beismann* at ¶ 20, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 10} The trial court concluded that Father is more reliable and better suited to be the children's custodial parent. The court reached this decision from the following findings of fact. Before the divorce, the family lived in Miamisburg, Ohio. Mother continues to live in Miamisburg with her parents, and Father has moved to Xenia, Ohio, and lives with his parents. Father currently has the children most of the time. The children now attend school in Xenia. The children participate in various activities in both locations, for example, soccer in Xenia and scouts in Miamisburg.

{¶ 11} The court found that the children enjoy spending time with both of their parents and want to spend time with them both. The magistrate interviewed both children in chambers, and a transcript of each interview is in the record. The transcripts show that the children enjoy their time with both parents. Neither child voiced any concern with life at either grandparents' house. The only complaint came from L.C. who said that he would like more time with Mother.

{¶ 12} Aside from their inability to work together for their children's sake, the court's only real criticism was directed at Mother. The court noted that she had had difficulty getting the children to school on the days they were with her. The children were often with her on Fridays, and they were consistently absent or late on those Fridays. While Mother blamed illness for the absences, the court pointed out that no doctor's note was provided, that both children would miss school on those days, and that the children would sometimes participate in other activities on those days.

{¶ 13} Finally, the court noted that the Family Investigation Report recommends that Father be designated the custodial parent. It also noted that the report recommends that Mother submit to a mental health assessment, but the court did not follow this recommendation.

{¶ 14} We cannot say that the trial court abused its discretion by designating Father the custodial parent. Mother does not really dispute any of the trial court's factual findings. And based on

these facts, the court's decision is reasonable.

**{¶ 15}** The weight of the evidence concerns "'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) *Eastley v. Volkman*, ___ Ohio St.3d ___, 2012-Ohio-2179, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *see Forney v. Forney*, 12th Dist. Clermont No. CA 2011-08-057, 2012-Ohio-3427, ¶ 34 (quoting the same in its review of a trial court's best-interest decision). In a review of the manifest weight of the evidence, "every reasonable presumption must be made in favor of the judgment and the finding of facts." *Volkman*, supra at ¶ 21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment * * *." Id. [citations omitted]

**{¶ 16}** Mother does not say exactly why the designation of Father as the custodial parent goes against the evidence's weight. She does not challenge the credibility of any of the evidence presented. Based on our review of the record evidence, we do not think that it establishes clearly that either parent should be favored over the other. Because the evidence is susceptible to more than one interpretation, and we must construe the evidence consistent with the trial court's judgment, we cannot find the designation of Father as custodian to be contrary to the weight of the evidence.

**{¶ 17}** The sole assignment of error is overruled.

**{¶ 18}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Bryan K. Penick
Adrienne D. Brooks

Hon. Timothy D. Wood